IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HEATH DICKERSON                                                                                                   PLAINTIFF

VS.                                          CASE NO.: 4:09-CV-04011

MILLER COUNTY, ARKANSAS;
SHERIFF LINDA RAMBO;
WARDEN JANICE NICHOLSON;
SGT. DOLLY SIMMONS;
NURSE TRINA OWENS; and
NURSE MELODY NELLIE THOMAS                                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 24, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 60). Judge Bryant has examined the Defendants' Motion for Summary Judgment (ECF No. 46), the Plaintiff's Response (ECF No. 55), and the Defendants' Reply (ECF No. 57). Judge Bryant recommends granting the Defendants' Motion as to one of the Plaintiff's claims, and denying the Motion as to the Plaintiff's two remaining claims. The Plaintiff has filed an objection to Judge Bryant's report. (ECF No. 61). The Defendants have not objected to the Report, and the time for doing so has passed. After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

The Plaintiff, Heath Dickerson, filed a civil-rights action against the Defendants under 42 U.S.C. § 1983. The Plaintiff claims the Defendants: 1) denied him adequate medical treatment; 2) failed to protect him; and 3) subjected him to unconstitutional confinement conditions. Judge Bryant finds that summary judgment is improper on the Plaintiff's denial-of-medical-care and

1

conditions-of-confinement claims. The Defendants have not objected to Judge Bryant's recommendation on those claims. Only Judge Bryant's recommendation to grant summary judgment on the failure-to-protect claim is being disputed.[1]

The Plaitniff's failure-to-protect claim arises out of an attack he suffered in his pod on Thanksgiving Day in 2008. He claims that after he and another inmate locked themselves in the pod, the door was unlocked and other inmates were allowed to enter and attack him. The Plaintiff makes two specific factual allegations to support his failure-to-protect claim. First, he alleges that Officer Collins, who is not a defendant in this case, unlocked the door to the Plaintiff's pod and let other inmates jump on him and attack him. Second, the Plaintiff alleges that Sergeant Dolly Simmons put him in Max A pod despite knowing that fights occur there.

Judge Bryant noted that Officer Collins is not a proper subject of the Plaintiff's failure-to-protect claim, because Officer Collins is not a defendant in this case. Judge Bryant also found that the Plaintiff has failed to allege sufficient facts to show that Sgt. Simmons's general knowledge that fights occur in Max A pod amounted to knowledge of a substantial risk of serious harm to an inmate placed in Max A.

The Plaintiff does not specifically object to Judge Bryant's findings that Officer Collins was not a defendant, and that the Planitiff's factual allegations against Sgt. Simmons are insufficient. Rather, the Plaintiff claims: 1) that Judge Bryant should have applied to his claims the less stringent *Haines* standard for pro se pleadings, and that applying that standard means the Defendants' denial of the existence of certain records amounts to an admission under Federal Rule of Civil Procedure 8(b)(6); 2) that he is "protected" under the *Bivens* standard for not bringing Officer Collins into the suit; and 3) that he is protected under the *Haines* standard for

---

[1] Mr. Dickerson also "objects to the Magistrate's recommendation to dismiss the medical aspect of his claim," but Judge Bryant did not dismiss Mr. Dickerson's denial-of-medical-care claim. Therefore, the Court will not address this objection by Mr. Dickerson.

not knowing how to "articulate the litigation in a manner of an attorney or paralegal." (ECF No. 61). The *Haines* and *Bivens* cases, however, do not give the Plaintiff the protections he claims.

In Haines v. Kerner, the Supreme Court established the principle that a pro se complaint is held to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Even the liberal *Haines* standard, however, will not save the Plaintiff's failure-to-protect claim. First, the *Haines* standard is unable to alter the language or meaning of Federal Rule of Civil Procedure 8(b). A defendant answering a *Haines* complaint is not prohibited from using the same form of answers as a defendant answering a non-*Haines* complaint. The Defendants' denial of having knowledge of certain records in this case, then, does not become an admission of the alleged contents of those records, even if *Haines* is applied. Second, *Haines* does not protect the Plaintiff for not articulating the litigation in the manner of an attorney, because the failure of the Plaintiff's claim is not the result of a lack of knowledge about articulating litigation—the failure is the result of the Plaintiff omitting to allege sufficient facts to support his claim.

In Bivens v. Six Unknown Named Agents, the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of authority gives rise to a claim for damages. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In a footnote, the Supreme Court noted that the agent–defendants in that case were not named in the complaint, but that the district court ordered the complaint served on the federal agents who participated in the plaintiff's arrest. *Id* at 390 n.2. The Plaintiff seems to argue that because the district court in *Bivens* ordered service on unnamed defendants, the Plaintiff's failure to name Officer Collins as a defendant in this case is not a fatal defect. Specifically, the Plaintiff argues that he is "protected" by the *Bivens* standard for his omission.

The Plaintiff's appeal to *Bivens* is misplaced. The factual circumstances in *Bivens* are

3

dissimilar to the circumstances in this case. The plaintiff in *Bivens* appears not to have named *any* individual defendants in his complaint. The district court in that case thus deductively determined who the proper defendants were, and ordered service on them. The Supreme Court did not hold that such a course of action was required in every case, but even if it were required in the *Bivens* scenario, that is not the Plaintiff's scenario. The Plaintiff named several defendants in his complaint, and presumably knew Officer Collins's identity, because the Plaintiff referred to Officer Collins in his initial Response to the Defendants' Motion for Summary Judgment. (ECF No. 32). Thus, *Bivens* does not remedy the Plaintiff's failure to name Officer Collins as a defendant in this case. Where a plaintiff knows the identity of a potential defendant, and names other individual defendants, *Bivens* does not excuse the plaintiff from making the potential defendant a party in the suit.

The Court overrules the Plaintiff's objection and adopts Judge Bryant's Report and Recommendation. (ECF No. 60). For the reasons stated in this Order, and those stated in the Report and Recommendation, the Defendants' Motion for Summary Judgment is **GRANTED** as to the Plaintiff's failure-to-protect claim. The Defendants have not objected to Judge Bryant's recommendation to deny them summary judgment on the Plaintiff's denial-of-medical-care and conditions-of-confinement claims, and the time for objecting has passed. Therefore, the Court adopts Judge Bryant's recommendation as to those claims. Thus, the Defendants' Motion for Summary Judgment is **DENIED** as to the Plaintiff's denial-of-medical-care and conditions-of-confinement claims.

IT IS SO ORDERED, this 26th day of March, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge